UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL POWELL,

        Plaintiff,

   v.

TOMERY DARLING,

        Defendant.

No. 2:16-cv-1047 MCE CKD PS

FINDINGS AND RECOMMENDATIONS

     This action was removed from state court. Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). The party invoking removal bears the burden of establishing federal jurisdiction. Hunter v. Philip Morris USA, 582 F.3d 1039 (9th Cir. 2009). Where it appears the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

     Defendant has removed from state court proceedings involving child custody, child support, and a domestic violence restraining order. Defendant seeks to vacate the judgment entered in state court in those proceedings. A federal district court does not have jurisdiction to review errors in state court decisions in civil cases. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).

1 | "The district court lacks subject matter jurisdiction either to conduct a direct review of a state
2 | court judgment or to scrutinize the state court's application of various rules and procedures
3 | pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996),
4 | aff'd, 129 F.3d 127 (9th Cir. 1997).  See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995)
5 | (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit
6 | reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987)
7 | (attacking state court judgment because substantive defense improper under Rooker-Feldman).
8 | That the federal district court action alleges the state court's action was unconstitutional does not
9 | change the rule.  Feldman, 460 U.S. at 486.  Moreover, claims raised in federal district court need
10 | not have been argued in the state judicial proceedings to be barred by the Rooker-Feldman
11 | doctrine.  Id. at 483-84 & n.16.  If federal claims are "inextricably intertwined" with a state court
12 | judgment, the federal court may not hear them.  Id.  "[T]he federal claim is 'inextricably
13 | intertwined' with the state court judgment if the federal claim succeeds only to the extent that the
14 | state court wrongly decided the issues before it."  Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25
15 | (1987) (Marshall, J., concurring).  In sum, "a state court's application of its rules and procedures
16 | is unreviewable by a federal district court.  The federal district court only has jurisdiction to hear
17 | general challenges to state rules or claims that are based on the investigation of a new case arising
18 | upon new facts."  Samuel, 980 F. Supp. at 1412-13.

19 | Defendant has removed to federal court domestic relations proceedings which were heard
20 | in state court.  Defendant has also moved to vacate the judgment entered in state court.  ECF
21 | No. 6.  Defendant does not raise a general federal challenge to state law.  See Branson, 62 F. 3d at
22 | 292.  Stripped to its essence, this action is one for federal court review of state court proceedings.
23 | The court finds the instant action amounts to an attempt to litigate in federal court matters that are
24 | inextricably intertwined with state court decisions.  The court will therefore recommend this
25 | action be remanded to state court for lack of subject matter jurisdiction under Rooker-Feldman
26 | /////
27 | /////
28 | /////

2

and that the motion to vacate the judgment be denied for lack of subject matter jurisdiction, said denial without prejudice to its renewal in state court.[1]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be remanded to the Superior Court of California, County of Placer;

2. The motion to vacate judgment (ECF No. 6) be denied for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

/////

/////

/////

/////

---

[1]   The domestic relations exception to federal jurisdiction bolsters the conclusion that subject matter jurisdiction in this case is inappropriate.  The domestic relations exception "divests the federal courts of power to issue divorce, alimony and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (explaining domestic relations exception to diversity jurisdiction).  "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986), aff'd, 484 U.S. 174 (1988); see also Tree Top v. Smith, 577 F.2d 519 (9th Cir. 1978) (declining to exercise jurisdiction over habeas petition seeking custody of child who had been adopted by others).  In this circuit, federal courts refuse jurisdiction if the primary issue concerns child custody issues or the status of parent and child or husband and wife. See Coats v. Woods, 819 F.2d 236 (9th Cir. 1987); Csibi v. Fustos, 670 F.2d 134, 136-37 (9th Cir. 1982).

In Coats, plaintiff, invoking 42 U.S.C. § 1983, alleged that her ex-husband and others involved in state court proceedings had wrongfully deprived her of custody of her children.  Defendants included the former husband and his current wife, their attorney, the court-appointed attorney for the children, a court-appointed psychologist, two court commissioners, two superior court judges, the county, the police department, and an organization called United Fathers.  Plaintiff specifically alleged that defendants deprived her of child custody, thereby depriving her of a liberty interest, in violation of 42 U.S.C. §§ 1983, 1985(2), and 1985(3).  Because the action at its core implicated domestic relations issues, the Ninth Circuit affirmed the district court's decision to abstain from exercising jurisdiction.  Like Coats, this case is at core a domestic relations dispute.  See id. at 237.

within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 15, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 powell-darling0304.rf.57