1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

MICHAEL J. POWELL,

No. 2:16-cv-01047-MCE-CKD PS

12

Plaintiff,

13

v.

**ORDER**

14

TOMERY DARLING,

15

Defendant.

16

17

18         On May 17, 2016, Defendant Tomery Darling, proceeding in pro se ("Defendant"),

19   removed domestic relations proceedings pending in the Superior Court of California in

20   and for the County of Placer to this Court, purportedly on grounds that federal question

21   jurisdiction was present pursuant to 28 U.S.C. § 1331.  In actuality, Defendant seeks to

22   vacate a judgment entered against her in state court.

23         On June 15, 2016, the assigned Magistrate Judge issued findings recommending

24   that this matter be remanded back to the originating state court based on the fact that

25   the Court did not have jurisdiction to review the state court's prior decision.  On July 6,

26   2016, the undersigned adopted the Magistrate Judge's Findings and Recommendations

27   in full and remanded the case back to the Placer County Superior Court.  Defendant

28   thereafter, on July 14, 2016, filed a Motion to reconsider that decision pursuant to

1

1  Federal Rule of Civil Procedure 59(e).[1]  That Motion, styled as a Motion to Amend the

2  Judgment, is now before this Court for adjudication.

3       A motion for reconsideration is properly brought under either Rule 59(e) or

4  Rule 60(b).  Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989).  A motion for

5  reconsideration is treated as a Rule 59(e) motion if, like Defendant's motion presently

6  before the Court, it is filed within twenty-eight days of entry of an order closing the case.[2]

7  See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99

8  (9th Cir. 2001).  A motion may be construed as a Rule 59 motion even though it is not

9  labeled as such, or not labeled at all.  Taylor, 871 F.2d at 805.

10      A court should be loath to revisit its own decisions unless extraordinary

11 circumstances show that its prior decision was clearly erroneous or would work a

12 manifest injustice.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817

13 (1988).  This principle is embodied in the law of the case doctrine, under which "a court

14 is generally precluded from reconsidering an issue that has already been decided by the

15 same court, or a higher court in the identical case."  United States v. Alexander,

16 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.

17 1993)).  Nonetheless, in certain limited circumstances, a court has discretion to

18 reconsider its prior decisions.

19      While Rule 59(e) permits a district court to reconsider and amend a previous

20 order, "the rule offers an 'extraordinary remedy, to be used sparingly in the interests of

21 finality and conservation of judicial resources.'"  Kona Enter., Inc. v. Estate of Bishop,

22 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's

23 Federal Practice § 59.30(4) (3d ed. 2000)).  Indeed, a district court should not grant a

24 motion for reconsideration "absent highly unusual circumstances, unless the district court

25

26      [1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

27      [2] Since no judgment was formally entered and the case was merely closed here and remanded
back to Placer County, reconsideration under Rule 60(b), which permits relief from any "final judgment,
order, or proceeding"  may be more technically appropriate than the Rule 59(e) motion made by

28 Defendant.  Nonetheless, the analysis under either Rule remains the same.

2

1   is presented with newly discovered evidence, committed clear error, or if there is an

2   intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d

3   656, 665 (9th Cir. 1999) (citing School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263

4   (9th Cir. 1993)). Mere dissatisfaction with the court's order, or belief that the court is

5   wrong in its decision, is not grounds for relief under Rule 59(e). Twentieth Century-Fox

6   Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

7       Additionally, Local Rule 230(j)(3) requires a party filing a motion for

8   reconsideration to show the "new or different facts or circumstances claimed to exist

9   which did not exist or were not shown upon such prior motion, or what other grounds

10  exist for the motion." Finally, motions for relief from judgment pursuant to Rule 59(e) are

11  addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe

12  R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

13      In order to succeed, a party making a motion for reconsideration pursuant to

14  Rule 59(e) must "set forth facts or law of a strongly convincing nature to induce the court

15  to reverse its prior decision." Pritchen v. McEwen, No. 1:10-cv-02008-JLT HC, 2011 WL

16  2115647, at *1 (E.D. Cal. May 27, 2011) (citing Kern-Tulare Water Dist. v. City of

17  Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on

18  other grounds, 828 F.2d 514 (9th Cir. 1987)). A motion for reconsideration should not be

19  used to raise arguments or present evidence for the first time when the arguments or

20  evidence could reasonably have been raised earlier in the litigation. 389 Orange St.

21  Partners, 179 F.3d at 665.

22      Furthermore, "courts avoid considering Rule 59(e) motions where the grounds for

23  amendment are restricted to either repetitive contentions of matters which were before

24  the court on its prior consideration or contentions which might have been raised prior to

25  the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal.

26  1991); see also Taylor, 871 F.2d at 805. This position stems from the district courts'

27  "concerns for preserving dwindling resources and promoting judicial efficiency."

28  Costello, 765 F. Supp at 1009 (internal citations omitted). Rule 59(e) motions for

1  reconsideration are therefore not intended to "give an unhappy litigant one additional

2  chance to sway the judge." Frito-Lay of P.R., Inc. v. Canas, 92 F.R.D. 384, 390 (D.P.R.

3  1981) (quoting Durkin v. Taylor, 444 F. Supp. 226, 233 (N.D. Ohio 1967)).

4        Here, as the findings and recommendations adopted by the Court made clear,

5  this Court is simply without jurisdiction to review errors alleged to have been made in

6  state court civil cases.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462,

7  476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).  Accordingly, under

8  the so-called Rooker-Feldman doctrine, the Court can neither "conduct a direct review of

9  a state court judgment or . . . scrutinize the state court's application of various rules and

10 procedure pertaining to the state case."  Samuel v. Michaud, 980 F. Supp. 1381, 1411 –

11 12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997).

12       In now moving for reconsideration, Defendant makes no effort to distinguish this

13 well-established case law which deprives the court of subject-matter jurisdiction in this

14 case.  Instead, she argues only that under supplemental jurisdiction, this Court should

15 exercise jurisdiction over "other claims that are so related to claims in the action within

16 such original jurisdiction that they form part of the same controversy under Article II of

17 the United States Constitution."  Def.'s Mot, 3:7 –11.  As the above-quoted language

18 itself alludes, however, supplemental jurisdiction must be predicated on claims over

19 which the court has original jurisdiction, and here there are none.

20       Defendant's Motion to Amend the Judgment Pursuant to Rule 59(e) (ECF No. 17)

21 is accordingly DENIED.

22       IT IS SO ORDERED.

23 Dated:  March 20, 2017

24

25                                          MORRISON C. ENGLAND, JR.
                                           UNITED STATES DISTRICT JUDGE

26

27

28

4